UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHRAF QUTOUM                                              CIVIL ACTION

VERSUS                                                     NUMBER: 08-5045

LAURIE A. WHITE                                            SECTION: "F"(5)

### REPORT AND RECOMMENDATION

The above-captioned matter came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

Plaintiff is an inmate of the Dixon Correctional Institute, Jackson, Louisiana, who is serving a ten-year sentence for aggravated arson. See State v. Qutoum, 839 So.2d 323 (La. App. 5th Cir.), writ denied, 845 So.2d 1059 (La. 2003). He now brings before the Court a complaint denominated "Civil Action for Legal Malpractice" wherein he seeks damages for the alleged mishandling of his state and federal post-conviction proceedings by the Honorable Laurie A. White prior to her taking the bench.[1]

On its own initiative, the Court must question the basis of subject matter jurisdiction over this case. See Rule 12(h)(3), Fed.R.Civ.P. As he indicates on the second page of his complaint, plaintiff purposefully drafted his pleading to omit any reference to 42 U.S.C. §1983 to avoid the

---

[1] Plaintiff previously sued Judge White under 42 U.S.C. §1983 but that suit was dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) based on the lack of state action. See Qutoum v. White, 08-CV-4625 "A"(5). He also has a 28 U.S.C. §2254 habeas proceeding pending here. See Qatoum v. LeBlanc, 07-CV-9712 "N"(6).

same fate as his previous lawsuit against defendant White.  See note 1, supra.  Claims of legal malpractice, however, have traditionally been within the domain of state law over which federal courts lack jurisdiction unless some independent basis for jurisdiction exists.  Singh v. Duane Morris, LLP, 538 F.3d 334, 339-40 (5th Cir. 2008).  Plaintiff and defendant both being residents of Louisiana, it appears that diversity jurisdiction is lacking under 28 U.S.C. §1332.  There being no federal question presented here, 28 U.S.C. §1331, plaintiff's complaint should be dismissed for want of jurisdiction.  Singh, 538 F.3d at 341.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 15th day of    December   , 2008.

                                                       ALMA L. CHASEZ
                                     UNITED STATES MAGISTRATE JUDGE