UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHRAF QUTOUM                                        CIVIL ACTION

VERSUS                                               NUMBER: 08-5045

LAURIE A. WHITE                                      SECTION: "F"(5)

### REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge (rec. doc. 9), presently before the Court is the motion to correct judgment of pro se plaintiff, Ashraf Qutoum. (Rec. doc. 8). For the reasons that follow, it is recommended that plaintiff's motion be denied.

On October 31, 2008, plaintiff presented the Court with a self-styled complaint denominated as a "Civil Action for Legal Malpractice" against the Honorable Laurie A. White. (Rec. doc. 1-3, p. 1). Accompanying that complaint was a motion to proceed in forma pauperis ("IFP") which was duly certified by prison bank officials to reflect the amount of funds that were present in plaintiff's inmate account, the average monthly deposits for the preceding six months, and the average monthly balance for the

preceding six months, all as required by 28 U.S.C. §1915(a). (Rec. doc. 2, p. 2). Based on the amounts set forth in that certification, on December 15, 2008 the Court granted plaintiff's application to proceed IFP, ordered that he make an initial partial payment of $122.15 towards the filing fee, and instructed the warden to withdraw future sums from plaintiff's inmate account and to forward them to the Court until the filing fee was paid in full, all as countenanced by §1915(b). (Rec. doc. 3). The issuance of summons was withheld at that time pending further screening of plaintiff's complaint. (Rec. doc. 3, p. 2). Shortly after granting plaintiff's motion to proceed IFP, the Court issued a Report and Recommendation recommending that plaintiff's complaint be dismissed for want of jurisdiction. (Rec. doc. 4). Judgment dismissing plaintiff's suit on that basis was entered on March 9, 2009. (Rec. doc. 7).[1]/ On March 19, 2009, plaintiff filed the motion that is presently before the Court. (Rec. doc. 8).

Citing Rule 36 of the Federal Rules of Criminal Procedure, plaintiff now moves to "correct" the judgment issued in this case, arguing that he "... has paid not only the required filing fees, but also, further costs of the suit[] that h[as] now been dismissed." (Rec. doc. 8, p. 1). Plaintiff thus asks that the

---

[1]/ No costs were assessed against plaintiff in the judgment. (Rec. doc. 7).

judgment be amended "... to accurately reflect the fact that he is only required to pay the filing fee and may have other costs that have already been paid in excess of said filing fee, refunded to his prisoner account." (Id. at 2).

The statutorily-prescribed fee for filing a civil action like this one is $350.00. 28 U.S.C. §1914(a). Individuals who are unable to pay the full $350.00 fee at the time of filing suit may move for leave to proceed IFP under §1915(a)(1). However, being granted leave to proceed IFP merely relieves a plaintiff from paying the filing fee in full at the time that suit is filed. Notably, §1915(b)(1) specifically provides that a "... prisoner shall be required to pay the full amount of a filing fee." For prisoners who do not currently possess the $350.00 filing fee in its entirety, the pauper statute thus allows a court to assess an initial partial filing fee at the time that suit is filed and to order that additional funds be periodically withdrawn from their inmate accounts and forwarded to the court until the filing fee is paid. 28 U.S.C. §1915(b)(1) and (2).

Plaintiff's reliance on Rule 36 is unavailing here as it applies only to criminal, as opposed to civil, proceedings. See Rule 1(a)(1), Fed.R.Cr.P. The sum of $122.15 that was assessed to plaintiff at the outset of this case was but the initial installment towards the $350.00 filing fee that he will be required

3

to pay in full as additional funds become available in his inmate account. No other court costs have accrued in this case and no funds have been withdrawn from plaintiff's inmate account except those to cover the filing fee in this case and another lawsuit that he initiated here. See Quotoum v. White, 08-CV-4625 "A"(5). For these reasons, it will be recommended that plaintiff's motion to correct judgment be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion to correct judgment be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 23rd day of April, 2009.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE